UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANGELA L. OSTERLOH**
2751 County Road P
Luxemburg, WI 54217
    Plaintiff,

vs.                   **Case No.**

**GREEN BAY ONCOLOGY, LTD.**
835 S. Van Buren Street
Green Bay, WI 54301
    Defendant.

## COMPLAINT

  NOW COMES the Plaintiff, Angela L. Osterloh, (hereinafter "Plaintiff") by and through her attorney, Franz J. Maurer, as and for a Complaint against the Defendant, Green Bay Oncology, Ltd. (hereinafter "Defendant"), alleges and states as follows:

1. That jurisdiction in this matter is invoked pursuant to 42 U.S.C. §2000e, *et. seq.*, 42 U.S.C. §§ 12101 *et. seq.*, and 28 U.S.C. §§1331, and 1343.

2. That the Plaintiff is an adult female residing in the Eastern District of Wisconsin, with a current address of 2751 County Road P. Luxemburg, Wisconsin, 54217.

3. That upon information and belief, the Defendant is incorporated in the State of Wisconsin, and does business in the Eastern District of Wisconsin at 835 S. Van Buren Street, Green Bay, Wisconsin, 54301.

4. That the Defendant is engaged in the business of, among other things, providing health care and related services to the general public with an emphasis of oncology.

5. That the Plaintiff began her employment with Defendant on or about March 29, 1999.

6. That the Defendant employed the Plaintiff as a Registered Nurse.

7. That the Plaintiff's work-related duties included working with doctors and nurses, teaching patients, administering chemotherapy, keeping up with the latest treatment regiments, and keeping up with continuing education, along with other duties as required by the Defendant.

8. That at all times relevant and material to the subject matter of this Complaint, the Plaintiff suffered from Rheumatoid Arthritis (RA), a condition recognized as a disability under the Americans with Disabilities Act of 1990, as amended or restated.

9. That for purposes of this litigation, the Defendant was aware of the Plaintiff's disability at all times relevant and material to the allegations of discrimination contained herein.

10. That throughout the course of the Plaintiff's employment with the Defendant, the Plaintiff was discriminated against because of her disability, and in retaliation for the Plaintiff's conduct in opposing discrimination in the workplace.

11. That among other things, during the course of the Plaintiff's employment with the Defendant, the Defendant withheld raises, increased the Plaintiff's workload, and told her not to discuss her medical condition with coworkers.

12. That the Defendant also scheduled the Plaintiff's hours so that she would need to come into work on her days off to attend meetings.

13. That the Plaintiff's physician, Dr. Howard Swanson, M.D. recommended that the Plaintiff decrease the days and hours she worked.

14. That the Plaintiff informed the Defendant of these work-related restrictions, and further requested reasonable accommodation for the decrease in days and hours worked.

15. That in particular, the Plaintiff had been working four (4) days per week, and requested three (3) days per week to accommodate her disability.

16. That the Defendant failed to make any meaningful attempt to accommodate the Plaintiff's requests for almost an entire year.

17. That the Defendant finally shifted the Plaintiff's employment to eight (8) hour work days for three (3) days per week.

18. That following two (2) additional surgeries on Plaintiff's hands and one (1) to replace her hip due to RA, the Plaintiff put in a request for surgical leave for knee replacement to occur on August 21, 2013.

19. That the Plaintiff was nonetheless fired on July 26, 2013, and was given no reason for her termination.

20. That prior to her termination, the Plaintiff had performed satisfactorily in her position with the Defendant.

21. That the Plaintiff asserts her employer's actions in firing her were retaliatory in nature, and were further based on discriminatory intent on the basis of the Plaintiff's disability and the related surgeries arising from this condition.

22. That the Plaintiff also believes that her termination was based on informing the Defendant of her disability, her requests for accommodation, the opposition she raised to the Defendant when the Defendant failed to accommodate her disability, and the disability itself and its effect on the Defendant's business operations.

23. That Plaintiff alleges that the Defendant intentionally discriminated against the Plaintiff in the terms and conditions of Plaintiff's employment on the basis of Plaintiff's opposition to discrimination in the workplace, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as amended or restated, and the Americans with Disabilities Act of 1990, as amended or restated.

24. That upon information and belief, the Defendant intentionally discriminated against the Plaintiff and terminated the Plaintiff's employment because it was unwilling to make reasonable accommodations for the Plaintiff's disability within the employment context pursuant to the Americans with Disabilities Act of 1990, as amended or restated.

25. That upon information and belief, the Defendant discriminated against the Plaintiff by terminating the Plaintiff's employment on the basis of her disability, conduct prohibited under the Americans with Disabilities Act of 1990, as amended or restated.

26. That the acts of the agents of the Defendant, as set forth above, all took place in the context of said agents' normal, business related activities for the Defendant.

27. That as a direct and proximate result of the intentional discrimination of the Plaintiff by the Defendant in the context of the Plaintiff's employment, Plaintiff has experienced frustration, humiliation, mental anguish, and stress, and other conscious pain and suffering, and may or will continue to suffer in a similar manner in the future.

28. That as a direct and proximate result of the intentional discrimination of the Plaintiff by the Defendant, in the context of the Plaintiff's employment, Plaintiff has suffered real and measurable economic harm in terms of lost wages and benefits, front pay, and damages for lost future earnings for loss of professional standing and reputation, and may or will continue to suffer similar damages in the future.

29. That this Complaint is filed by Plaintiff within ninety (90) days of Plaintiff's receipt of a "Right to Sue" letter from the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiff respectfully requests that the Court award all available and appropriate relief, including:

A. Compensatory damages for frustration, humiliation, mental anguish, stress and damages for lost wages and benefits, front pay, damages for lost future earnings for loss of professional standing and reputation, and related losses in an amount according to the proof at trial, for conscious pain and suffering, and for punitive damages in the amount according to the proof at trial.

B. The costs of this action and reasonable attorney fees incurred.

C. Such other relief as the Court deems just, proper and equitable.

### JURY DEMAND

A 6-PERSON TRIAL BY JURY IS HEREBY REQUESTED.

Dated this 31st day of August, 2015.

**FRANZ J. MAURER,
ATTORNEY AT LAW**

s/ Franz J. Maurer
Franz J. Maurer
Attorney for Plaintiff
State Bar No. 1029708

506 N. Oneida Street
Appleton, WI 54915
(920) 574-2720
(920) 574-2744 (facsimile)